IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sherry Cestaro, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   17 C 3347 |
| Admin Recovery, LLC, a New York limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Sherry Cestaro, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Sherry Cestaro ("Cestaro"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to Littman Jeweler, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Admin Recovery, LLC ("Admin"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the telephone and/or the mail to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Illinois. In fact, Admin was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Admin is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Admin is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Cestaro is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including the debt she allegedly owed to Littman Jewelers. Admin began trying to collect this debt from Ms. Cestaro, by sending her legal aid attorneys at the Chicago Legal Clinic's LASPD program an email on March 15, 2017, asking whether they represent her. A copy of this e-mail is attached as Exhibit C.

8. Accordingly, on March 22, 2017, one of Ms. Cestaro's attorneys at LASPD confirmed with Admin, in writing, that Ms. Cestaro was represented by counsel, and directed Admin not to contact her, and to cease all further collection activities because Ms. Cestaro was forced, by her financial circumstances, to refuse to pay her unsecured

debts.  A copy of this letter is attached as Exhibit D.

9. Nonetheless, Defendant Admin called Ms. Cestaro directly, including, but not limited, a telephone call on April 27, 2017, by its debt collector, "Michael Robinson", from telephone number 866-703-7961, regarding payment of the debt at issue.

10. Accordingly, on April 28, 2017, one of Ms. Cestaro's LASPD attorneys had to write to Defendant Admin to demand, yet again, that it cease communications and cease collection of the debt.  A copy of this letter is attached as Exhibit E.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

13. Defendant Admin's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant Admin's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Cestaro's attorneys at LASPD told Defendant Admin to cease communications and cease collections (Exhibit D). By continuing to communicate regarding payment of this debt, Defendant Admin violated § 1692c(c) of the FDCPA.

18. Defendant Admin's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant Admin knew that Ms. Cestaro was represented by counsel in connection with this debt because her attorneys at LASPD had confirmed to Defendant,

4

in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Admin to cease directly communicating with her. By directly calling Ms. Cestaro, despite being advised that she was represented by counsel, Defendant Admin violated § 1692c(a)(2) of the FDCPA.

22. Defendant Admin's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sherry Cestaro, prays that this Court:

1. Find that Defendant Admin's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Cestaro, and against Defendant Admin, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sherry Cestaro, demands trial by jury.

Sherry Cestaro,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: May 3, 2017

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com